UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>  Plaintiff,<br><br>  v.<br><br>MAYFIELD, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01036-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF HIS FIRST AMENDED COMPLAINT (ECF NO. 10)<br><br>(ECF No. 15) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 29, 2021, Plaintiff filed a motion for appointment of counsel. (ECF No. 15).[1] Plaintiff asks for appointment of counsel because he has a mental disorder and deals with twelve active diagnoses; because he has a current TABE score of 5.0; because this case has complex cross-examination and frustrating discovery; because this case is meritorious; because

---

[1] Plaintiff attached a letter to his motion. In the letter, Plaintiff states that custody threw away his legal work. Plaintiff asks for a copy of his First Amended Complaint, which he intends to use to file a Second Amended Complaint.

The Court will grant Plaintiff's request for a copy of his First Amended Complaint. However, the Court notes that Plaintiff was not given leave to file a Second Amended Complaint and that his deadline to object to the findings and recommendations on his First Amended Complaint passed over a month ago. If Plaintiff wants to file a Second Amended Complaint, he must file a motion for leave to amend along with a copy of his proposed Second Amended Complaint. In the motion, Plaintiff should explain the changes he is attempting to make to his First Amended Complaint.

custody staff is refusing access to the prison law library for Plaintiff to research his excessive force claims; and because custody staff stole his Prison Lawyers Handbook.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim.  Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claim.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED without prejudice; and
2. The Clerk of Court is directed to send Plaintiff a copy of his First Amended Complaint (ECF No. 10).

IT IS SO ORDERED.

Dated:  **November 30, 2021**         /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE