| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAYFIELD, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01036-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR LEAVE TO AMEND BE DENIED<br><br>(ECF No. 18)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has recommended that this case proceed only on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe. (ECF No. 12). This Eighth Amendment claim is based on allegations that these defendants took Plaintiff into an empty room, slammed Plaintiff onto his shoulder, stood on Plaintiff's ankles, and kicked him, all while Plaintiff was in restraints. (Id. at pgs. 11-12).

On December 22, 2021, Plaintiff filed a motion for a temporary restraining order. (ECF No. 18). Because Plaintiff's motion for injunctive relief is not related to the claim the Court has recommended be allowed to proceed in this case, the Court will recommend that it be denied.

\\\

## I. SUMMARY OF PLAINTIFF'S MOTION

Plaintiff asks for a court order for separation from a notorious prison gang. They are labeled as "Two Fivers." These convicts placed Plaintiff in jeopardy of losing his freedom. They want Plaintiff to help them in a war they commenced with the "Zapatista" rivals. Plaintiff came to ASU-1 to separate from this group that used Plaintiff, or had intentions to kill Plaintiff if he did not pursue their objective to win this war. Custody placed Plaintiff with this violent group in retaliation for his "'overfamiliarity' 115 disciplinary." They had leverage on Plaintiff, violating Title 15 of the California Code of Regulations.

Custody knew that Plaintiff got crossed up with this group at California Correctional Institution. Plaintiff almost lost his life and his freedom with this disruptive gang. Custody is aware that Plaintiff no longer wants to live or help this group.

Plaintiff has written to all responsible staff, but they pretended like they never received any of his inquires. In 2018-2019 Plaintiff filed a safety/enemy concern grievance. Custody still transferred him to California Correctional Institution, and he ended in a rut with the "Two Five" gang. Custody housed Plaintiff with this group for their own amusement purposes, in hopes that he gets hurt. Plaintiff retaliated by pledging his loyalty to this group, pretending he will spill blood and kill for them. He did this as a defense mechanism to not get hurt. They forced Plaintiff to carry knives and to do things he would not to, showing Plaintiff criminal ideations he prayed to get away from.

Plaintiff asks to be transferred to a facility where there are no "Two Fiver" gang members. Plaintiff also asks to be able to litigate "the entire chain of command of all parties [he has] a right to litigate."

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to

defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.    ANALYSIS**

The Court will recommend that Plaintiff's motion for a preliminary injunction be denied. In his motion, Plaintiff alleges that prison officials have failed, and are failing, to protect him from a prison gang. However, there is no failure to protect claim proceeding in this case. The Court has recommended that this case proceed only on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe, which is based on allegations that these defendants took Plaintiff into an empty room, slammed Plaintiff onto his shoulder, stood on

Plaintiff's ankles, and kicked him, all while Plaintiff was in restraints. Moreover, there are no indications that defendant Mayfield or defendant Doe were in any way responsible for failing to protect Plaintiff. Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion. Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Additionally, there is nothing in Plaintiff's motion suggesting that defendant Mayfield or defendant Doe has the authority to provide the relief Plaintiff is requesting. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Given this, and that Plaintiff is seeking injunctive relief based on a claim not pled in the complaint, even if Plaintiff is entitled to the relief he is seeking, this is not the appropriate case to seek such relief. If Plaintiff believes other prison officials are violating his constitutional rights, he may file a separate case against those officials and seek injunctive relief in that case.

Based on the foregoing, the Court will recommend that Plaintiff's motion for injunctive relief be denied.[1]

---

[1] To the extent Plaintiff is asking to add additional claims and/or defendants in this case, the Court will also recommend that this request be denied. As the Court previously informed Plaintiff, "[i]f Plaintiff wants to file a Second Amended Complaint, he must file a motion for leave to amend along with a copy of his proposed Second Amended Complaint. In the motion, Plaintiff should explain the changes he is attempting to make to his First Amended Complaint." (ECF No. 16, p. 1 n.1). It is not clear that Plaintiff filed a motion for leave to amend, and he did not attach a proposed Second Amended Complaint.

Moreover, as discussed above, Plaintiff is complaining about incidents that have no relationship to the claim the Court has recommended proceed in this case. This is improper. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits…." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. App'x. 791 (9th Cir. 2015); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement[] refers to similarity in the factual background of a claim.").

As the allegations in Plaintiff's motion are not related to the claim the Court recommended be allowed to proceed in this case, the Court finds that leave to amend would be futile.

## IV. RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for a temporary restraining order (ECF No. 18) be DENIED; and

2. To the extent Plaintiff is requesting leave to amend, Plaintiff's request be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 3, 2022**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

5