UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>MAYFIELD, et al.,<br><br>    Defendants. | Case No.: 21-cv-1036-JLT-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER AFFIRMING DENIAL OF PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Docs. 10, 12) |

Leobardo Ramos is a state prisoner who filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that after he was removed from suicide watch, prison officers took him to a cell with no surveillance, then proceeded to kick and punch him without provocation. Plaintiff was eventually diagnosed with a broken back, for which he claims he was inadequately treated. As such, Plaintiff brings claims for excessive force and deliberate indifference to serious medical needs, both in violation of the Eighth Amendment. Plaintiff also brings a First Amendment claim based in alleged retaliation for reporting the excessive force incident. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 22, 2021, the assigned magistrate judge entered screening findings and recommendations, recommending that "[t]his case proceed on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe," and that "[a]ll other claims be dismissed as discussed in these findings and recommendations." (Doc. 12 at 18.)

1

Plaintiff filed his objections on October 4, 2021.  (Doc. 13.)  Plaintiff's objections asserted that his deliberate indifference claims should survive because the doctor at issue failed to schedule follow-up appointments after treating plaintiff.  (Doc. 13 at 2.)  Plaintiff also requested that he be given an attorney to advise him in these proceedings.  (*Id*.; *see also* Doc. 15.)  The magistrate judge denied Plaintiff's request for an attorney on November 30, 2021.  (Doc. 16.)  On December 13, 2021, Plaintiff filed what the Court construes as objections to the magistrate judge's order denying Plaintiff's motion for appointment of counsel.  (Doc. 17.)  The Court has reviewed both the magistrate judge's order denying appointment of counsel and the screening findings and recommendations.

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's non-dispositive order denying appointment of counsel, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 303; *Dalke v. Clark*, 2021 WL 3783912 (E.D. Cal. 2021).  Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge.  *Id.*

The Court has reviewed the magistrate judge's order (Doc. 16), and it was not contrary to law or clearly erroneous.  Accordingly, Plaintiff's objections to the magistrate judge's order, (Doc. 17), are overruled.  Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

With respect to the screening findings and recommendations, the Court has conducted a *de novo* review of the case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly,

1.  The findings and recommendations issued on September 22, 2021, (Doc. 12), are

adopted in full;

2. This case proceeds on plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe;

3. All other claims are dismissed as discussed in the findings and recommendations issued on September 22, 2021; and

4. Plaintiff's request for appointment of pro bono counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **January 9, 2022**

*[signature]*
UNITED STATES DISTRICT JUDGE

3