UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>    Plaintiff,<br><br>v.<br><br>MAYFIELD, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01036-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 36) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 21, 2022, Plaintiff filed a motion for appointment of counsel. (ECF No. 36). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because he is "Law illiterate;" because he is mentally unfit to present his case (he suffers from mental health issues, including chronic depression, borderline personality disorder, hallucinations, and post-traumatic stress disorder); because of the complexity of this case; because he has a TABE score of 5.0; and because a trial in this case will involve conflicting testimony.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim.  Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claim.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 23, 2022**             /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE