UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MAYFIELD, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:21-cv-01036-DAD-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S OBJECTION TO COURT ORDER 30 DAY: NOTICE OF CLAIM<br><br>(ECF No. 51) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 27, 2022, Plaintiff filed an "Objection to Court Order 30 day: Notice of Claim." (ECF No. 51). Plaintiff states that he has his Second Amended Complaint ready, and he has cured the deficiencies. Plaintiff states that he is also adding additional parties in his Second Amended Complaint. Plaintiff objects to discovery being scheduled and being required to file his notice of claim before he files his Second Amended Complaint. According to Plaintiff, discovery will affect his trial. Plaintiff also argues that notice of claim statutes are not applicable to § 1983 actions filed in federal court. Plaintiff asks for a "Protective order motion."

It is not clear what relief Plaintiff is seeking or what order Plaintiff is objecting to. The Court did not require Plaintiff to file a notice of claim. The Court did require Plaintiff to file a scheduling and discovery statement (ECF No. 43), but that order did not require Plaintiff to state

1

any claims or to dismiss any claims.  Instead, the Court required Plaintiff to provide a brief summary of the claim that the Court allowed to proceed past screening.  (Id. at 1).

To the extent Plaintiff is asking the Court to stay this case until he files his Second Amended Complaint, Plaintiff already made a similar request (ECF No. 26), and his request was denied (ECF No. 27).  Plaintiff does not provide any reason for the Court to reconsider its prior order, nor has he shown that this case should be stayed until he files his Second Amended Complaint.  Plaintiff alleges that his Second Amended Complaint cures the deficiencies identified by the Court and that he will add additional parties.  However, the Court already found that further leave to amend would be futile (ECF No. 12, p. 18; ECF No. 21), and Plaintiff provides no details regarding how he will cure the deficiencies identified by the Court.  He also provides no details regarding the additional parties he will attempt to add.  Thus, the Court will not stay the case at this time.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's objection is OVERRULED.

IT IS SO ORDERED.

Dated:  **July 7, 2022**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE