UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>       Plaintiff,<br><br>    v.<br><br>MAYFIELD, et al.,<br><br>       Defendants. | Case No. 1:21-cv-01036-DAD-EPG (PC)<br><br>ORDER RE: LODGED SECOND AMENDED COMPLAINT<br><br>(ECF No. 53) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is currently proceeding on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe. (ECF No. 21). All other claims were dismissed. (Id.).

On July 11, 2022, Plaintiff lodged a twenty-six-page proposed Second Amended Complaint. (ECF No. 53). However, Plaintiff failed to file a motion for leave to amend, despite being the Court informing Plaintiff twice that, "[i]f Plaintiff wants to file a Second Amended Complaint, he must file a motion for leave to amend along with a copy of his proposed Second Amended Complaint. In the motion, Plaintiff should explain the changes he is attempting to make to his First Amended Complaint." (ECF No. 16, p. 1 n.1; ECF No. 27, p. 1). As there is no motion for leave to amend, there is also no explanation as to why Plaintiff

waited over ten months from the date the Court issued its screening findings and recommendations on Plaintiff's First Amended Complaint (ECF No. 12), and approximately six months after the order adopting those findings and recommendations (ECF No. 21), to lodge his proposed amended complaint.

The Court also notes that Plaintiff's proposed amended complaint suffers from at least some of the same defects as his First Amended Complaint.  In its order screening the First Amended Complaint, the Court noted the following defects:

> Plaintiff mentions numerous individuals in his complaint (some known and some unknown).  However, despite being informed by the Court's prior screening order (ECF No. 9, p. 6) that he could name unknown defendants as Doe Defendants, and despite knowing the name of at least some of the individuals Plaintiff mentions in his complaint, Plaintiff only lists two defendants.  None of the other individuals are ever referred to as a defendant.  Thus, it is not clear which of the other individuals discussed in the complaint, if any, Plaintiff is attempting to bring claims against, or what claims he is attempting to bring against them.  Moreover, because Plaintiff discusses numerous unnamed individuals but does not list them as Doe defendants, and because Plaintiff repeatedly uses terms to refer to multiple individuals instead of explaining what each individual defendant did or did not do, at times it is difficult (if not impossible) to determine who did what.

(ECF No. 12, pgs. 17-18; ECF No. 21).

In his proposed Second Amended Complaint, Plaintiff once again mentions numerous individuals who are not named as defendants, some unknown and some known.  As they are not listed as defendants, it is once again unclear if Plaintiff is attempting to bring claims against these individuals.  Additionally, Plaintiff once again repeatedly uses terms to refer to multiple individuals instead of explaining what each individual defendant did or did not do, making it at times difficult (if not impossible) to determine who did what.

The Court also notes that Plaintiff is attempting to add legal arguments into his complaint.  However, as mentioned in the form complaint that Plaintiff filed, Plaintiff does not need to cite legal authority or make legal arguments in his complaint.  (See, e.g., ECF No. 53, p. 3).

\\\

Based on the foregoing, the Court will take no further action on Plaintiff's lodged Second Amended Complaint (ECF No. 53).

IT IS SO ORDERED.

Dated:   **July 13, 2022**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE