# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS, | Case No. 1:21-cv-01036-DAD-EPG (PC) |
| Plaintiff, | ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |
| v. | |
| MAYFIELD, et al., | |
| Defendant(s). | |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 8, 2022, the Court issued an order requiring the parties to file scheduling and discovery statements.  (ECF No. 43).  The parties have now filed their statements.  (ECF Nos. 47 & 55).[1]

The Court has reviewed this case and the parties' statements.  In an effort to secure the just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain

---

[1] The Court notes that, in his statement, Plaintiff states that once he conducts discovery, he will "have 3 additional officers held accountable for this matter."  (ECF No. 55, p. 1).  The Court notes that it allowed this case to proceed against one Doe defendant, not three.  (ECF No. 21).

Plaintiff also appears to request discovery.  The Court is opening discovery in a concurrently issued order, and Plaintiff may now serve discovery requests and file motion(s) for the issuance of subpoena *duces tecum*.  The Court will take no further action on the potential discovery request included in Plaintiff's statement.

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice.  There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

documents that are central to the dispute be promptly produced.[3]

Accordingly, IT IS ORDERED that:

1.  Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[4]

    a.  The CCI Facility A Sign-In/Sign-Out Sheet, dated March 6, 2019;

    b.  CDCR form 7219 Medical Report of Injury or Unusual Occurrence, dated March 14, 2019;

    c.  CDCR form 128-B Informational Chrono, dated March 6, 2019;

    d.  CDCR form 602 Inmate/Parolee Appeal, log number CCI-O-19-00899;

    e.  Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[5]

    f.  All of Plaintiff's medical records related to the incident(s) and/or

---

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[4] As defendant Mayfield has indicated that "[a] third-party subpoena may be necessary to obtain the reports related to the investigation and interviews conducted concerning Plaintiff's allegations of excessive or unnecessary use of force, as Defendant is not in possession, custody or control of these documents," (ECF No. 47, p. 3), Plaintiff may file a request for the issuance of a subpoena *duces tecum* for these documents without first requesting them from defendant Mayfield.

[5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").
    The Court notes that Defendant(s) only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.
    Finally, the Court notes that defendant Mayfield has indicated that "[a] third-party subpoena may be necessary to obtain the reports related to the investigation and interviews conducted concerning Plaintiff's allegations of excessive or unnecessary use of force, as Defendant is not in possession, custody or control of these documents." (ECF No. 47, p. 3). Thus, if either party wants to obtain these documents, that party may need to issue a subpoena.

condition(s) at issue in the case, including: the CDC form 7362 Health Care Services Request form, dated March 5, 2019; Progress Notes dated March 21, 2019, May 7, 2019, and August 15, 2019; and the x-ray diagnostic report dated March 22, 2019.

    g.  Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).[6]

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response.

\\\
\\\
\\\

---

[6] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

1        If any party files a response to an objection, the Court will issue a ruling on the

2   objection.

3

4   IT IS SO ORDERED.

5        Dated:   __**August 2, 2022**__              ___/s/ Erica P. Grosjean___

6                                                UNITED STATES MAGISTRATE JUDGE