UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS, | Case No. 1:21-cv-01036-ADA-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE |
| v. | |
| MAYFIELD, et al., | (ECF No. 60) |
| Defendants. | |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 13, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 60). Plaintiff asks for appointment of counsel because he cannot afford counsel; because his imprisonment will greatly limit his ability to litigate; because the issues involved in this case are complex and will require significant research and investigation; because he has limited access to the law library and limited knowledge of the law; because a trial in this case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross-examine witnesses; and because he has made repeated efforts to obtain a lawyer.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim.  Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claim.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **October 14, 2022**                     /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE