UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MAYFIELD, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND MOTION *IN LIMINE*, WITHOUT PREJUDICE<br><br>(ECF Nos. 64 & 65) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 27, 2022, Plaintiff filed a motion for appointment of pro bono counsel, as well as a motion *in limine*. (ECF Nos. 64 & 65).

As to Plaintiff's motion for appointment of pro bono counsel, it will be denied without prejudice for the reasons in the Court's October 17, 2022 order denying Plaintiff's motion for appointment of pro bono counsel that was filed on October 13, 2022 (ECF No. 62).

As to Plaintiff's motion *in limine*, Plaintiff asks for the Court to allow him to treat Defendants (and/or others) as adverse witnesses and to permit him to ask leading questions. Plaintiff also may ask for the Court to subpoena inmate witnesses. The Court will deny this motion without prejudice as premature. As the Court informed Plaintiff, "[i]f this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the

Court will set expert disclosure deadlines, a telephonic trial confirmation hearing, pretrial deadlines, and a trial date." (ECF No. 57, pgs. 6-7) (footnote omitted).  The deadline for the filing of dispositive motions is currently set for May 5, 2023.  (Id. at 5).  As the telephonic trial confirmation hearing (the pretrial conference), pretrial deadlines, and the trial have not been set, and as these deadlines will not be set in the near future, the Court finds that Plaintiff's motion is premature.  In his pretrial statement, Plaintiff will have the opportunity to address evidentiary issues.[1]  Additionally, Plaintiff will be given the opportunity to file motions for the attendance of incarcerated witnesses.  Finally, at the pretrial conference Plaintiff may seek guidance from the assigned district judge as to her procedures for designating witnesses as hostile.

Accordingly, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel and motion *in limine* are denied, without prejudice to Plaintiff renewing the motions at a later stage in the proceedings.

IT IS SO ORDERED.

Dated:   **October 28, 2022**                /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Pretrial statements are required to include "[a] plain, concise summary of any reasonably anticipated disputes concerning admissibility of live and deposition testimony, physical and demonstrative evidence and the use of special technology at trial, including computer animation, video discs, and other high technology, and a statement whether each such dispute should be resolved by motion in limine, briefed in the trial brief, or addressed in some other manner." Local rule 281(b)(5).