UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>  Plaintiff,<br><br>v.<br><br>MAYFIELD, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE<br><br>(ECF No. 72) |

    Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On December 27, 2022, Plaintiff filed a "Duty to Preserve," which appears to be, at least in part, a motion to compel. (ECF No. 72).

    In the motion, Plaintiff alleges that he "sent two depositions to interogate [sic] for clarity!" (Id. at 1). Plaintiff alleges that Defendant objected to his notice of depositions. Plaintiff argues that he has a constitutional right to take Defendant's deposition. Plaintiff asks the Court to "revise" Defendant's objection in his favor and to direct Defendant to respond to his depositions. Plaintiff argues that Defendant's thirty-day time frame to respond has expired. Finally, Plaintiff asks the Court to allow him to ask leading questions during the direct examination of Defendants during their depositions in this case.

    The basis of Plaintiff's motion is unclear. Plaintiff repeatedly refers to "depositions," but he appears to be referring to interrogatories. See, e.g., Declaration of Lawrence Bragg

1

Dated December 19, 2022, ECF No. 70 p. 2 ("On November 30, 2022, I received a document from Plaintiff, dated November 9, 2022, entitled "Second Deposition by Written Questions," which contained thirteen interrogatories. Responses to these interrogatories were served on Plaintiff on or about December 19, 2022."); ECF No 72, p. 2 ("[Plaintiff's] depositions are [his] written evidence…."). Additionally, Plaintiff first states that Defendant objected to his notice of depositions, but then states that Defendant's thirty-day time frame to respond has expired.

In any event, Plaintiff's motion will be denied without prejudice. To the extent Plaintiff is arguing that Defendant's should be compelled to respond because their thirty-day period expired, Plaintiff is incorrect regarding the time-period to respond. Pursuant to the Court's scheduling order, parties have forty-five days to respond to written discovery requests. (ECF No. 57, p. 3). Moreover, Defendant responded to what appears to be Plaintiff's second set of interrogatories on or around December 19, 2022. (ECF No. 70). To the extent Plaintiff is complaining about responses and/or objections to interrogatories he sent to Defendant, Plaintiff does not identify any particular response or objection that he is challenging. If Plaintiff chooses to re-file his motion to compel, he should identify the responses at issue as well as why he believes the Court should compel further response(s).

Finally, to the extent Plaintiff is asking the Court to compel Defendant to submit to a deposition because Defendant objected to his notice, and for permission to ask leading questions during the deposition, Plaintiff's motion will be denied without prejudice because Plaintiff has not yet requested permission to take any depositions. (ECF No. 57, pgs. 2-3) ("If Plaintiff wishes to take a deposition, Plaintiff must file a motion requesting permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing the name of the person to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost. Plaintiff bears the responsibility to pay the costs of the deposition, including the cost of copies of deposition transcript(s)".).

\\\

\\\

Accordingly, IT IS ORDERED that Plaintiff's motion to compel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **January 3, 2023**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE