UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>      Plaintiff,<br><br>   v.<br><br>MAYFIELD, et al.,<br><br>      Defendants. | Case No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE A MOTION TO SUBSTITUTE THE NAMED INDIVIDUAL IN PLACE OF DEFENDANT DOE<br><br>(ECF No. 67) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe. (ECF Nos. 10 & 21).

On November 1, 2022, Plaintiff filed a motion to compel. (ECF No. 1).[1] Plaintiff alleges that on October 11, 2022, he sent his first set of interrogatories to defendants Mayfield, Aguilar, Arnold, Rubio and Dixon. On October 25, 2022, he received a response. Plaintiff alleges R. Lesina failed to sign the responses. Plaintiff also alleges that defendant Mayfield failed to answer the interrogatories. Plaintiff appears to ask the Court to direct defendant Mayfield to provide a response to Interrogatory #2, to which defendant Mayfield objected and provided an incomplete answer. Plaintiff also alleges that "Defendants" failed to provide

---

[1] In his motion Plaintiff refers to a separate memorandum in support of his motion to compel, but the Court did not receive any such memorandum.

1

names and work log information relevant to this case, which Plaintiff needs in order to identify all parties involved in his excessive force claim.

Plaintiff further alleges that he has not spoken to opposing counsel regarding the interrogatories to Aguilar, Arnold, Rubio and Dixon.  However, Plaintiff alleges that he did speak with counsel for defendant Mayfield.  According to Plaintiff, counsel agreed to supply the verification of defendant Mayfield (but never did).  They also discussed Plaintiff's objections to defendant Mayfield's responses, and counsel told Plaintiff that his objections were not changing.

On November 22, 2022, defendant Mayfield filed her opposition.  (ECF No. 68). Defense counsel states that he never received interrogatories from Plaintiff, that he never spoke to Plaintiff regarding the interrogatories, and that he never agreed to provide a verification to the responses.  After receiving Plaintiff's motion, defense counsel promptly wrote to Plaintiff requesting a copy of the interrogatories, but Plaintiff never responded.  Then, on December 19, 2022, defense counsel filed a declaration stating that, "[o]n November 30, 2022, [he] received a document from Plaintiff, dated November 9, 2022, entitled 'Second Deposition by Written Questions,' which contained thirteen interrogatories.  Responses to these interrogatories were served on Plaintiff on or about December 19, 2022."  (ECF No. 70, p. 2).

To begin, the Court notes that Plaintiff alleges that he sent interrogatories to several non-defendants.  To the extent Plaintiff is asking the Court to compel these non-parties to respond, Plaintiff's motion will be denied because Plaintiff may not serve interrogatories on non-parties.  See, e.g., Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other *party* no more than 25 written interrogatories, including all discrete subparts.") (emphasis added).

As to Plaintiff's motion to compel defendant Mayfield to respond to interrogatories, defense counsel has declared under penalty of perjury that he never received the interrogatories, and Plaintiff failed to provide any evidence, such as a proof of service or defendant Mayfield's responses, to show that defendant Mayfield received the interrogatories.  Moreover, Plaintiff's motion is contradictory.  Plaintiff alleges that defendant Mayfield did not respond to the

interrogatories, but also alleges that defendant Mayfield filed objections to the interrogatories. Accordingly, the Court finds that Plaintiff failed to show that he properly served defendant Mayfield with the interrogatories or that defendant Mayfield improperly responded to the interrogatories. Therefore, as requested by defendant Mayfield, the Court will deny Plaintiff's motion to compel, without prejudice to Plaintiff serving (or re-serving) the interrogatories on defendant Mayfield, if he has not already done so.

While the Court is denying Plaintiff's motion to compel, given Plaintiff's assertion that he is attempting to get documents that would help him identify defendant Doe, the Court will grant Plaintiff thirty days from the date of service of this order to file a motion to substitute the named individual in place of defendant Doe.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel (ECF No. 67) is denied, without prejudice to Plaintiff serving (or re-serving) the interrogatories on defendant Mayfield, if he has not already done so; and
2. Plaintiff has thirty days from the date of service of this order to file a motion to substitute the named individual in place of defendant Doe.

IT IS SO ORDERED.

Dated:   **January 3, 2023**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE