UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAYFIELD, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DEPOSE INMATE WITNESSES<br><br>(ECF No. 79) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe.  (ECF Nos. 10 & 21).

On January 23, 2023, Plaintiff filed a motion to depose inmate witnesses.  (ECF No. 79).[1]  Plaintiff seeks permission to depose four inmate witnesses.  Plaintiff appears to state that he cannot afford to hire a court reporter.  He also appears to argue that the Sixth Amendment Confrontation Clause requires that he be allowed to depose these witnesses.

As the Court informed Plaintiff in the scheduling order, if Plaintiff wants to take a deposition he must "specifically show[] the ability to comply with the applicable Federal Rules

---

[1] The Court notes that, in the title of the motion, Plaintiff states that he wants to take depositions by written questions.  However, in the motion itself, Plaintiff does not ask for permission to take depositions by written questions.  Instead, Plaintiff states that he wants to interview the inmate witnesses via video conference.

1

of Civil Procedure by providing the name of the person to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost.  Plaintiff bears the responsibility to pay the costs of the deposition, including the cost of copies of deposition transcript(s)."  (ECF No. 57, pgs. 2-3) (footnote omitted).  Plaintiff failed to make the required showing.  Plaintiff did not provide any information regarding the Court reporter, the estimated cost, or the source of funds for payment of that cost.

      Additionally, Plaintiff's Confrontation Clause argument is without merit.  The Sixth Amendment states, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  As this is a civil case brought by Plaintiff and not a criminal prosecution, the Sixth Amendment is not applicable.  Turner v. Rogers, 564 U.S. 431, 441 ("[T]he Sixth Amendment does not govern civil cases.").

      Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's to depose inmate witnesses (ECF No. 79) is denied.

IT IS SO ORDERED.

Dated:  **January 24, 2023**          /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE