UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>              Plaintiff,<br><br>      v.<br><br>MAYFIELD, et al.,<br><br>              Defendants. | Case No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, WITHOUT PREJUDICE<br><br>(ECF No. 91) |

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is currently proceeding on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe.  (ECF No. 21).  All other claims were dismissed.  (Id.).

On February 27, 2023, Plaintiff lodged an amended complaint.  (ECF No. 89).  The Court informed Plaintiff that if he wanted to amend his complaint, he needed to file a motion for leave to amend.   (ECF No. 90).  The Court also noted that, "[a]s there [was] no motion for leave to amend, there [was] no explanation as to what changes Plaintiff is attempting to make or why he should be allowed to make those changes at this time."  (Id. at 1-2).

On March 10, 2023, Plaintiff filed a motion for leave to amend to amend "to amend Declaratory Relief. " (ECF No. 91).  Plaintiff asserts that he did not know he had to file a

motion for leave to amend.  Plaintiff asks for leave to amend to add "new details in Declaratory Relief."  Plaintiff asserts that he wants to update his case with new factors that are essential to his case.  Plaintiff further asserts that these changes are critical at this point to keep the facts straight.  "The new declaratory relief has new names & changes that are essential…." (Id. at 1).

The Court will deny Plaintiff's motion, without prejudice.  As mentioned in the Court's prior order, Plaintiff needs to file a motion for leave to amend to explain the changes he is attempting to make, as well as why he should be allowed to make the changes at this time.  However, while Plaintiff generally asserts that he wants to add new information, Plaintiff's motion includes no details regarding the changes he is attempting to make or why he should be allowed to make the changes at this time.

The Court notes that this case was filed in July of 2021, and the non-expert discovery cutoff in this case is in less than three weeks away.  (See ECF Nos. 1 & 57).  Moreover, while Plaintiff asserts that he did not know that he had to file a motion for leave to amend if he wanted to amend his complaint, the Court has repeatedly informed Plaintiff of this requirement, the first time occurring in November of 2021.  (ECF No. 16, p. 1 n.1; ECF No. 27, p. 1; ECF No. 54, p. 1).  Finally, to the extent Plaintiff is only attempting to amend his request for declaratory relief, it is not clear that amendment is required.  A final judgment not based on default "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Fed. R. Civ. P. 54(c).

Given Plaintiff's failure to explain the changes he is attempting to make and why he should be allowed to make those changes at this point in the case, the Court will deny Plaintiff's motion for leave to amend, without prejudice.  The Court also provides Plaintiff with the following relevant legal standards.

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several

limitations.  Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); <u>see also</u> <u>Waldrip</u>, 548 F.3d at 732.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  <u>Eminence Cap., LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).  "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  <u>Id.</u>  However, "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied."  <u>De Saracho v. Custom Food Mach., Inc.</u>, 206 F.3d 874, 878 (9th Cir. 2000) (citation and internal quotation marks omitted).

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for leave to amend is denied without prejudice.

IT IS SO ORDERED.

Dated:   **March 13, 2023**          /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE