UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>  Plaintiff,<br><br>  v.<br><br>MAYFIELD, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01036-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DOE BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF Nos. 57 & 74)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.  BACKGROUND**

Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is currently proceeding on Plaintiff's Eighth Amendment excessive force claim against defendant Mayfield and defendant Doe based on allegations that they directed Plaintiff to be taken into an empty cell, slammed Plaintiff onto his shoulder, and then repeatedly kicked and punched him.  (ECF Nos. 10, 12, & 21).

Defendant Doe has not been served.  On August 5, 2022, the Court set a deadline of December 2, 2022, for Plaintiff to file a motion to substitute the named individual in place of defendant Doe.  (ECF No. 57).  Plaintiff failed to timely file the motion.  The Court nevertheless granted Plaintiff additional time, up to and including February 6, 2023, to file a

motion to substitute the named individual in place of defendant Doe.  (ECF No. 74).

Plaintiff's deadline to file a motion to substitute has passed, and Plaintiff has not filed a motion to substitute or identified defendant Doe.  As Plaintiff has failed to identify defendant Doe, the Court will recommend that defendant Doe be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the United States Marshals Service ("the Marshal") with accurate and sufficient information to effect service of the summons and complaint on defendant Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

### III. ANALYSIS

Plaintiff was provided with a deadline to file a motion to substitute the named defendant in place of defendant Doe.  (ECF No. 57, p. 5).  The Court also informed Plaintiff that he "may request documents from defendant Mayfield in order to identify the doe defendant.  Plaintiff may also request a subpoena duces tecum if this information is not available from defendant Mayfield."  (Id.).  Plaintiff was warned that if he failed to file a motion to substitute by the deadline, defendant Doe may be dismissed from this case.  (Id. at p. 5-6).  The Court also granted Plaintiff additional time, up to and including February 6, 2023, to file a motion to substitute.  (ECF No. 74).  However, Plaintiff's extended deadline has passed, and Plaintiff has not identified defendant Doe or filed a motion to substitute a named individual in place of defendant Doe.  Plaintiff did file two late motions for an extension of his deadline to file a motion to substitute (ECF Nos. 101 & 107), but Plaintiff's motions were denied (ECF Nos. 103 & 108), and Plaintiff has not show good cause for failing to timely file a motion to substitute so that defendant Doe could be identified and served.

As Plaintiff has failed to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that defendant Doe be dismissed from the action, without prejudice.[1]

### IV. RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that defendant Doe be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

---

[1] The Court notes that this case continues to proceed against defendant Mayfield.

3

(14) days after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2023**                              /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE