UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>MAYFIELD, et al.,<br><br>Defendants. | No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 116) |

This matter is before the Court on Plaintiff Leobardo Eric Ramos's ("Plaintiff") motion for reconsideration. (ECF No. 116.) On June 20, 2023, the Court held a hearing on the motion and took the matter under submission. (ECF No. 120.) For the reasons stated below, the Court denies Plaintiff's motion for reconsideration.

**I.     Background**

On July 1, 2021, Plaintiff proceeding pro se and *in forma pauperis*, filed this action. (ECF Nos. 1, 2, 6.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 16, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 9.) The Court gave Plaintiff an opportunity to amend the complaint to cure any deficiencies and on August 30, 2021, Plaintiff timely filed the now operative first amended complaint ("FAC"). (ECF No. 10.) The Court reviewed the FAC and allowed this

1

action to proceed on Plaintiff's Eight Amendment excessive force claim against Defendant Mayfield and Defendant Doe and dismissed all other claims. (ECF Nos. 12, 21.)

Throughout the course of this action, Plaintiff has filed four requests for appointment of counsel; all have been denied by the Court.

On November 29, 2021, Plaintiff filed his first motion to appoint counsel, and on November 30, 2021, the Court denied the motion. (ECF Nos. 15, 16.) Plaintiff asserts the same arguments in the instant motion for reconsideration as those in his initial motion to appoint counsel.[1] (*See* ECF Nos. 15, 116.) Plaintiff filed objections to the Magistrate Judge's order denying Plaintiff's motion to appoint counsel on December 13, 2021, and on January 10, 2022, the District Judge overruled Plaintiff's objections, upholding the Magistrate Judge's decision. (ECF Nos. 17, 21.)

On March 21, 2022, Plaintiff filed another motion to appoint counsel and on March 23, 2022, the Court denied the motion. (ECF Nos. 36, 37.) On August 24, 2022, this matter was reassigned to District Judge Ana de Alba. (ECF No. 58.)

On October 13, 2022, Plaintiff filed a third motion for appointment of counsel, and on October 17, 2022, the Court denied Plaintiff's motion.[2] (ECF Nos. 60, 62.) Upon review of the record, the Magistrate Judge was "unable to make a determination that Plaintiff is likely to succeed on the merits of his claim. Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claim." (ECF No. 62 at 2.)

On October 27, 2022, Plaintiff filed a fourth motion for appointment of counsel stating the same reasons as in his previous motions to appoint counsel. (ECF No. 64.) The Court denied the motions on October 28, 2022, "for the same reasons in the Court's October 17, 2022 order denying

---

[1] In his motion for appointment of counsel, Plaintiff explains that he has a mental disorder and deals with twelve active diagnoses; that he has a current TABE score of 5.0; that this case has complex cross-examination and frustrating discovery; that this case is meritorious; that custody staff is refusing access to the prison law library for Plaintiff to research his excessive force claims; and that custody staff stole his Prison Lawyers Handbook. (*See* ECF No. 15.) For these reasons, Plaintiff argues that he is entitled to the appointment of counsel. (*Id*.)

[2] In his motion, Plaintiff states that counsel should be appointed because the issues involved in his case are complex; because he has limited access to a law library to conduct research; because his imprisonment greatly limits his ability to litigate; and because his case involves conflicting testimony and requires cross-examination at trial. (ECF No. 60.)

Plaintiff's motion for appointment of pro bono counsel." (ECF No. 66 at 1.)

On June 5, 2023, Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's order entered on October 28, 2022, denying Plaintiff's motion to appoint counsel. (ECF No. 116.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 72(a) allows a party to serve and file objections to a Magistrate Judge's non-dispositive order within fourteen days after being served with a copy. In this Court, this type of objection is treated as a motion for reconsideration by the assigned District Judge and should be captioned "Request for Reconsideration." *See* Local Rule 303.

When reviewing a Magistrate Judge's non-dispositive order denying appointment of counsel, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 303; *Dalke v. Clark*, No. 1:20-cv-00534-AWI-SAB (PC), 2021 WL 3783912, at *1 (E.D. Cal. August 26, 2021). Under the "clearly erroneous" standard of review, a district court may overturn a Magistrate Judge's ruling "only if the district court is left with the definite and firm conviction that a mistake has been made." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.,* 508 U.S. 602, 623 (1993).

Under the "contrary to law" standard of review, a district court may conduct independent review of purely legal determinations by a Magistrate Judge. *Comput. Econ., Inc.*, 50 F. Supp. 2d at 983. An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (citation and quotation marks omitted); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001).

///

///

**III.     Analysis**

In his motion for reconsideration, Plaintiff alleges that he meets the "exceptional circumstances" standard to be afforded appointment of counsel and that the Magistrate Judge committed clear error in denying Plaintiff's motion. (ECF No. 116.) Similar to his previously filed motions for appointment of counsel, Plaintiff argues that he has mental disorders and deals with twelve active diagnoses; that he is illiterate in the law; that his case is "plausible and has exhalent exhibits"; that this case has complex cross-examination and a frustrating discovery; that his case has complex issues; that custody staff prevents his access to the prison library to do research; and that custody staff stole his Prison Lawyers Handbook. (*Id*.)

Additionally, Plaintiff contends that "due to [his] mental health diagnosis, [he] is left incompetent to stand trile [sic] unable to articulate [his] own case and be able to manage [his] case normal without character defects." (ECF No. 116 at 3 (errors in original).) Essentially, Plaintiff asks the Court to find him incompetent to stand trial for the purpose of appointing him an attorney. (*Id*.) As the Court explained to Plaintiff during the hearing held on June 20, 2023, Plaintiff's case is a civil case and not a criminal case, thus the Court cannot find him "incompetent to stand trial." *See* 18 U.S.C. § 4241. Also, Plaintiff does not have a constitutional right to appointment of counsel in his civil rights action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Upon review of the docket and Plaintiff's arguments made at the hearing held on June 20, 2023, it is clear to the Court that Plaintiff is not mentally incompetent. Plaintiff was capable of clearly articulating his arguments both at the hearing and in his motion for reconsideration. (*See* ECF No. 116.) At the hearing, Plaintiff was very composed and clearly and intelligently answered the Court's questions.

Furthermore, Plaintiff's motion was filed untimely, and is thus denied. "A party may serve and file objections to the order *within 14 days after being served with a copy*. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72 (emphasis added); *see also* Local Rule 303(b) ("Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the

date of service of the ruling on the parties."). Plaintiff asks the Court to reconsider the denial of his motion to appoint counsel, (ECF No. 66), entered on October 28, 2022. (ECF No. 116.) Plaintiff had fourteen days—no later than November 11, 2022—to object to that order. However, Plaintiff filed his motion on June 5, 2023—more than seven months after the order was entered by the Magistrate Judge. Plaintiff did not file a request for an extension of time, nor does he explain in his motion why it took him seven months to file the motion to reconsider. Accordingly, the motion to reconsider is denied as untimely. *See Campbell v. Smith*, No. 221CV01172KJMCKD, 2023 WL 1971464, at *1 (E.D. Cal. Feb. 13, 2023), r*econsideration denied*, No. 221CV01172KJMCKD, 2023 WL 3319437 (E.D. Cal. May 9, 2023) (denying plaintiff's motion for reconsideration because he had filed it about two months after the deadline imposed by the Local Rules).

Even if the Court considered the untimely filed motion for reconsideration, the Court finds that the Magistrate Judge properly considered the evidence Plaintiff submitted along with the record in this case, and correctly determined that Plaintiff failed to demonstrate exceptional circumstances to warrant appointment of counsel. Although Plaintiff may have had issues in litigating his case, he has not shown that the complexity of his case warrants appointment of counsel, nor can this Court conclude that he has demonstrated a likelihood of success on the merits. Also, Plaintiff's arguments that he is uneducated in the law and that he has limited access to the law library to do research are not exceptional circumstances to warrant appointment of counsel. *See Evans v. Nuehring*, No. 209CV0292TLNACP, 2017 WL 11548417, at *1 (E.D. Cal. Apr. 24, 2017) (stating that circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant appointment of counsel).

Lastly, the Court highlights that District Judge Jennifer L. Thurston, on January 10, 2022, reviewed and overruled objections to a Magistrate Judge's denial of Plaintiff's motion for appointment of counsel. (*See* ECF No. 21.) In those objections, Plaintiff alleged the same reasons as to why he meets the "exceptional circumstances" to afford him appointment of counsel as he alleges in the instant motion for reconsideration. (ECF Nos. 17, 116.) At that time, the District

Judge concluded that the Magistrate Judge's order denying Plaintiff's motion to appoint counsel was not contrary to law or clearly erroneous.  (*See* ECF No. 21 at 2-3.)  Likewise, the Court now finds that the Magistrate Judge's order entered on October 28, 2022, denying Plaintiff's motion to appointment of counsel was not contrary to law or clearly erroneous.

Plaintiff is advised that the Magistrate Judge's denial of his motion for appointment of counsel was without prejudice.  (ECF No. 66.)  Thus, should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

## IV. Conclusion

Accordingly,

1. Plaintiff's motion for reconsideration, (ECF No. 116), is DENIED.

IT IS SO ORDERED.

Dated:   June 30, 2023

_____
UNITED STATES DISTRICT JUDGE