UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS, | Case No. 1:21-cv-01036-ADA-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS |
| v. | |
| MAYFIELD, *et al.*, | (ECF No. 119). |
| Defendants. | |

Leobardo Eric Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 20, 2023, Plaintiff filed a motion requesting appointment of an expert witness. (ECF No. 119). On July 10, 2023, Defendant Mayfield filed an opposition. (ECF No. 122). For the reasons that follow, the Court will deny Plaintiff's motion.

## I. LEGAL STANDARDS

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed…." Fed. R. Evid. 706(a). While the Court has the discretion to appoint an expert and to

1

apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," *Manriquez v. Huchins*, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," *Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. 2013).

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." *Johnson v. Cate*, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

## II.     ANALYSIS

Plaintiff seeks appointment of (1) an expert medical witness to testify as to Plaintiff's medical treatment and injuries; (2) an expert psychologist to testify as to Plaintiff's emotional and psychological state regarding Plaintiff's claims of Intentional Infliction of Emotional Distress and post-traumatic stress; and (3) a prison expert to testify as to prison culture and use of force guidelines. (ECF No. 119, p. 3-4). Plaintiff contends that this case raises complex legal issues concerning supervisory liability, prison cultural practices, and psychological trauma. (*Id.*, p. 2).

Defendant argues that Plaintiff's motion must be denied because neither the Federal Rules of Evidence nor the *in forma pauperis* statute authorize the payment for the expenses of witnesses or the appointment of expert witnesses to advocate for a party's position on the legal merits of a case. (ECF No. 122).

Plaintiff's motion will be denied. This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against Defendant Mayfield and Defendant Doe[1]. (ECF Nos.

---

[1] On May 22, 2023, the Court issued findings and recommendations recommending that Defendant Doe be

10, 12, & 21). Plaintiff's First Amended Complaint alleges that Officer Mayfield and Defendant Doe slammed Plaintiff onto this right shoulder while he was restrained and kicked and punch Plaintiff for 3-4 minutes. (ECF No. 10; ECF No. 12, p. 11). Plaintiff does not explain how his excessive force claim is factually or legally complex. Additionally, Plaintiff's claims based on "allegations regarding inmates wanting to harm him and correctional officers either not protecting him from the danger or soliciting the inmates to harm Plaintiff," were dismissed. (ECF No. 12, p. 16; ECF No. 21). Accordingly, this case does not raise complex issues of supervisory liability or prison culture. Plaintiff's claim for deliberate medical indifference was also dismissed. (ECF No. 21; ECF No. 12, p. 15). Thus, a neutral expert that would testify as to Plaintiff's medical treatment is not significantly useful for the trier of fact to comprehend a material issue in this case.

Accordingly, Plaintiff's motion requesting appointment of a neutral expert witness will be denied.

### III.   ORDER

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion requesting appointment of a neutral expert (ECF No. 119) is DENIED.

IT IS SO ORDERED.

Dated:   **July 13, 2023**                     /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE

---

dismissed, without prejudice, because Plaintiff failed to timely file a motion to substitute the named individual in place of Defendant Doe. (ECF No. 109).