UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>MAYFIELD, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AND UNINCARCERATED WITNESSES<br><br>(ECF No. 127). |

Leobardo Eric Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against Defendant Mayfield and Defendant Doe (ECF Nos. 10, 12, & 21).[1] On August 1, 2023, Plaintiff filed a motion for attendance of incarcerated witnesses and for California Department of Corrections and Rehabilitation ("CDCR") employees. (ECF No. 127). On August 11, 2023, Defendant Mayfield filed an opposition to the motion. (ECF No. 131). For the following reasons, the Court will deny Plaintiff's motion.

---

[1] The Court has issued findings and recommendations to District Judge Ana de Alba that Defendant Doe be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) on May 23, 2023. (ECF No. 109).

1

## I. BACKGROUND

In the scheduling order, the Court informed Plaintiff that "[a] party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts." (ECF No. 106, p. 3).

"The willingness of the prospective witness can be shown in one of two ways: (1) the party him or herself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed." (*Id.*)

"The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify); or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred." (*Id.*)

The same requirement for a declaration showing that each witness has actual knowledge of relevant facts applies to motions for attendance of confined witnesses who have not agreed to testify voluntarily. (*Id.*, pp. 3-4). "In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily." (*Id.*, p. 4).

The Court's scheduling order also informed Plaintiff of the procedures to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily.[2] (*See id.*, pp. 4-5). Specifically, such a witness must be served with a subpoena. (*Id.*, p. 4) (citing Federal Rule of Civil Procedure 45). "In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses." (*Id.*) (citations omitted).

"If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshals Service unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed in forma pauperis." (*Id.*, pp. 4-5).

**II.    DISCUSSION**

Plaintiff's motion seeks the attendance of several incarcerated witnesses who Plaintiff claims were interrogated by CDCR in connection with Plaintiff's claims. (ECF No. 127, p. 2). Plaintiff also seeks the attendance of one unincarcerated witness who is a CDCR employee. (*Id.*) Plaintiff states that this witness would testify as to Plaintiff's mental health and as to Plaintiff's reports of staff misconduct. (*Id.*) Plaintiff indicates that there are other individuals he would like to testify on his behalf, but that he was deprived of their names. (*Id.*) Plaintiff's motion also reiterates his request for leave to amend his complaint. (*Id.* pp. 2-3). Finally, Plaintiff indicates that more time is needed so that he can conduct further investigation as to these witnesses. (*Id.*, p. 3).

---

[2] The Court's order also states that "[i]t is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court." (ECF No. 106, p. 4).

The Court first notes that Plaintiff's motion is untimely. The Court's scheduling order set July 14, 2023, as the deadline for Plaintiff to file any motions for the attendance of incarcerated witnesses and to notify the Court of the names and locations of any unincarcerated witnesses who refuse to testify voluntarily. (ECF No. 106, p. 4, 5).

Additionally, Defendants are correct that Plaintiff did not comply with the Court's scheduling order. Plaintiff does not indicate if any of the prospective incarcerated witnesses are willing to testify voluntarily or not. More importantly, Plaintiff does not show how each prospective witness has actual knowledge of the relevant facts. Defendant's opposition and supporting declaration represent that "the interviews of these inmates by CDCR, which were provided to Plaintiff as part of Defendant's Exchange and Supplemental Exchanges of Documents, demonstrate that they have no relevant information concerning the alleged incident." (ECF No. 131, p. 2). Although Plaintiff states that he is concerned these individuals did not provide truthful answers when interrogated due to fear of retaliation, Plaintiff does not otherwise indicate which relevant facts he believes these prospective witnesses could testify to at trial or how they have actual knowledge of those facts. Accordingly, the Court will deny Plaintiff's motion for the attendance of incarcerated witnesses.

As to Plaintiff's request for the attendance of the CDCR employee, Plaintiff has not timely notified the Court of any unincarcerated witnesses he wishes to subpoena. Moreover, Plaintiff has not provided the full name or location of this prospective witness. Instead, Plaintiff identifies this prospective witness as "Mrs. D" who is "either a social worker or psychologist on A yard or B yard CCI prison." As Plaintiff is currently confined at Kern Valley State Prison, it is unclear to the Court where this prospective witness may be located. Thus, the Court is unable to calculate witness fees. Moreover, to the extent that Plaintiff would seek testimony from this witness regarding Plaintiff's mental health conditions and any damages suffered by Plaintiff due to the alleged incident, such testimony appears to be opinion testimony reserved for expert witnesses.

Finally, to the extent that Plaintiff seeks to further investigate or depose prospective witnesses in this case, the Court will deny Plaintiff's request to reopen discovery. Non-expert discovery in this case concluded on March 31, 2023. (ECF No. 57). Expert discovery concluded with the deadline for rebuttal expert disclosures on July 14, 2023. (ECF No. 106). The trial in this

case is set for November 14, 2023. (*Id.*) Plaintiff has not provided good cause to reopen discovery two months before trial. And as Defendants note, the Court previously denied Plaintiff's motion to depose inmate witnesses. (ECF No. 80). The Court also denied Plaintiff's motion to depose Defendant and Warden Sullivan. (ECF No. 85). Accordingly, Plaintiff's motion is denied to the extent that Plaintiff seeks to reopen discovery.

### III. ORDER

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for the attendance of confined witnesses and CDCR employees is DENIED. Further, Plaintiff's request to reopen discovery is also DENIED.

IT IS SO ORDERED.

Dated: **September 5, 2023**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE