UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>    Plaintiff,<br><br>  v.<br><br>MAYFIELD,<br><br>    Defendant. | No. 1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 57, 74, 109). |

  Leobardo Eric Ramos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983 on July 1, 2021. (ECF No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  The assigned Magistrate Judge issued findings and recommendations on May 23, 2023, recommending that Defendant Doe be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the United States Marshals Service with accurate and sufficient information to effect service of the summons and complaint on Defendant Doe within the time prescribed by Federal Rule of Civil Procedure 4(m). (ECF No. 109.) The findings and recommendations contained notice that any objections were to be filed within fourteen days after service. (ECF No. 109 at 4.) Plaintiff filed objections on June 5, 2023. (ECF No. 115).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, Plaintiff does not explain why he is unable to identify Defendant Doe, although he indicates that "if [he] interrogate[s] inmate witnesses, they might expose the name of Defendant Doe." (ECF No. 115.) Instead, Plaintiff explains that there are two additional doe defendants (who he identifies by name) who were also involved in the underlying use of force incident. (*Id.*)

Federal Rule of Civil Procedure 4(m) states that if plaintiff shows good cause for the failure to serve a defendant, "the court must extend the time for service for an appropriate period." Here, the Court first gave Plaintiff a deadline to substitute the Doe Defendant until and including December 2, 2022. (ECF No. 57.) Therein, the Court advised Plaintiff that he "may request documents from defendant Mayfield to identify the Doe Defendant. Plaintiff may also request a subpoena duces tecum if this information is not available from defendant Mayfield." (*Id.* at 5.) Despite this, Plaintiff failed to file a motion to substitute the Doe Defendant. Nevertheless, the Court again extended Plaintiff's deadline to file the motion to substitute to February 6, 2023. (ECF No. 74.) Plaintiff again failed to file a motion to substitute the Doe Defendant. Further, in his objections, Plaintiff does not explain why he has failed to file a motion to substitute the Doe Defendant. Thus, the Court agrees with the assigned Magistrate Judge that Plaintiff has not shown good cause for failing to timely file a motion to substitute the Doe Defendant. (ECF No. 109 at 3.)

Accordingly,

1. The findings and recommendation filed on May 23, 2023, (ECF No. 109), are ADOPTED in FULL; and

///

///

///

///

2. Plaintiff's claims against the Doe Defendant are dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the United States Marshal Service with accurate and sufficient information to effect service of the summons and complaint on Defendant Doe within the time prescribed by Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   September 7, 2023

_____
UNITED STATES DISTRICT JUDGE

3