UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>    Plaintiff,<br><br> v.<br><br>MAYFIELD, *et al.*,<br><br>    Defendants. | Case No. 21-cv-01036-ADA-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED<br><br>(ECF No. 124).<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS |

  Leobardo Ramos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently proceeding on Plaintiff's Eighth Amendment excessive force claims against Defendant Mayfield and Defendant Doe.[1] (ECF Nos. 10, 12, & 21). The operative complaint is the First Amended Complaint. (*Id.*)

  On July 14, 2023, Plaintiff filed a motion for "permission to file declaratory relief" or leave to amend. (ECF No. 124). Plaintiff asks for permission to file an amended complaint to

---

[1] On May 23, 2023, the Court issued findings and recommendations recommending that Defendant Doe be dismissed, without prejudice, for failure to serve within the timeline provided by Federal Rule of Civil Procedure 4(m). (ECF No. 109). Plaintiff filed objections to those recommendations on June 5, 2023. (ECF No. 115).

1

"strengthen his case to cure all deficiencies" and to add Doe defendants.  (ECF No. 124, at p. 1) On August 4, 2023, Defendant Mayfield filed an opposition. (ECF No. 128). For the following reasons, the Court will recommend that Plaintiff's motion for leave to amend be denied.

I.     **LEGAL STANDARDS**

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* However, "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) (citation and internal quotation marks omitted).

II.    **DISCUSSION**

As an initial matter, and as the Court has advised Plaintiff on four separate occasions, a proper motion for leave to amend must include a proposed amended complaint along with a motion that explains the changes he is attempting to make in his amended complaint. (ECF No. 16, p. 1 n.1; ECF No. 27, pp. 1-2; ECF No. 54, pp. 1-2; ECF No. 90, pp. 1-2). Plaintiff's motion does not include a proposed amended complaint or describe what changes he would like to make. Instead, Plaintiff states generally that he will name additional defendants and cure all deficiencies. This general request is improper.

Specifically regarding the request to add unidentified Doe defendants, the Court previously denied Plaintiff's motions for an extension of time to file motions to substitute named

defendants in place of Defendant Doe. (ECF Nos. 103, 108). Further, the Court has recommended that Defendant Doe be dismissed, without prejudice, pursuant to Federal Procedure Rule 4(m). (*See* ECF No. 109). Plaintiff's motion does not explain why he should be allowed leave to amend to include doe defendants at this point in the case or if his claims against these doe defendants differ from his claim against Defendant Doe.

Finally, defendants will be significantly prejudiced by any amendment at this time. This case has been pending since July 2021. The case has already proceeded through discovery. The pretrial conference is currently set for January 29, 2024, and the trial is currently set for March 19, 2024. Amendment would significantly delay these proceedings and prejudice current defendants.

### III.  CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's motion for leave to amend (ECF No. 127) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 7, 2023**        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE