1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>              Plaintiff,<br><br>    v.<br><br>MAYFIELD,<br><br>              Defendant. | No.  1:21-cv-01036-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 123, 125, 129) |

17      This matter is before the Court on Plaintiff Leobardo Eric Ramos's ("Plaintiff") motion for

18   reconsideration of the Magistrate Judge's order denying Plaintiff's motion for appointment of

19   expert witnesses. (ECF No. 125.)  For the reasons stated below, the Court denies Plaintiff's motion

20   for reconsideration.

21   **I.     Background**

22      Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action

23   filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's Eighth Amendment

24   excessive force claim against Defendant Mayfield.  (*See* ECF Nos. 12, 21, 109, 140.)  This matter

25   was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

26   Rule 302.

27      On June 20, 2023, Plaintiff filed a motion for the appointment of expert witnesses pursuant

28   to Federal Rule of Evidence 706.  (ECF No. 119.)  On July 13, 2023, the assigned Magistrate Judge

1

1  denied Plaintiff's motion because the "case d[id] not raise complex issues of supervisory liability

2  or prison culture."  (ECF No. 123 at 3.)  On July 28, 2023, Plaintiff filed the instant motion for

3  reconsideration of the Magistrate Judge's order.  (ECF No. 125.)  Defendant Mayfield filed his

4  opposition to Plaintiff's motion for reconsideration on August 7, 2023.  (ECF No. 129.)

5  **II.      Legal Standard**

6          Federal Rule of Civil Procedure 72(a) allows a party to serve and file objections to a

7  Magistrate Judge's non-dispositive order within fourteen days after being served with a copy.  Fed.

8  R. Civ. P. 72(a).   The Court construes Plaintiff's objections as a motion for reconsideration,

9  meaning it should have been captioned "Request for Reconsideration by the District Court of

10  Magistrate Judge's Ruling."  *See* Local Rule 303(c).

11          When reviewing a Magistrate Judge's non-dispositive order, "[t]he district judge in the case

12  must consider timely objections and modify or set aside any part of the order that is clearly

13  erroneous or is contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 303; *Dalke v. Clark*,

14  No. 1:20-cv-00534-AWI-SAB (PC), 2021 WL 3783912, at *1 (E.D. Cal. August 26, 2021).   Under

15  the "clearly erroneous" standard of review, a district court may overturn a Magistrate Judge's ruling

16  "only if the district court is left with the definite and firm conviction that a mistake has been made."

17  *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks*

18  *v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).   The "'clearly erroneous'

19  standard is significantly deferential."   *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers*

20  *Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

21          Under the "contrary to law" standard of review, a district court may conduct independent

22  review of purely legal determinations by a Magistrate Judge.  *Comput. Econ., Inc.*, 50 F. Supp. 2d

23  at 983.  An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law,

24  or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.

25  Minn. 2008) (citation and quotation marks omitted); *Rathgaber v. Town of Oyster Bay*, 492

26  F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y.

27  2001).

28  ///

**III.    Analysis**

In his motion for reconsideration, Plaintiff alleges that his "chronical injury issue . . . should keep [him] eligible for a medical expert concerning his condition diagnosis." (ECF No. 125 at 1.) Plaintiff also alleges that the Court should appoint a medical expert because he "indeed suffered a medical diagnosis as a result of this excessive force allegation" and that a medical expert will be able to provide insight to prove that his condition "was a result of the criminal negligence and excessive force abuse" he suffered. (*Id*. at 2.)  Further, Plaintiff alleges that "[a] special doctor could explain all the benefiting information needed to win a settlement." (*Id*.)

In opposition, Defendant argues that "Federal Rule of Evidence 706 does not permit the appointment of an expert to be an advocate for the Plaintiff, and the damages issues in this case are not complex." (ECF No. 129 at 1.)

Upon review of the docket and the Parties' filings, the Court finds that the Magistrate Judge properly considered the evidence submitted by Plaintiff along with the record in this case, and correctly determined that Plaintiff's allegations of excessive force are not so complex as to require a neutral expert witness to assist the Court and/or a jury.  *See e.g.*, *McNeal v. Lockie*, No. 2:05-cv-00441-GEB, 2015 WL 4077229 (E.D. Cal. July 2, 2015) (denying reconsideration of the magistrate judge's denial of appointment of expert witness regarding the use of force and medical issues because these issues are not so complex as to require an expert witness); *Robinson v. Adams*, No. 1:08–cv–01380–AWI–BAN PC, 2014 WL 6461342, at \*2 (E.D. Cal. Nov.17, 2014) (denying reconsideration of the magistrate judge's decision denying the plaintiff's request for the appointment of an expert witness regarding use of force procedures because the magistrate judge correctly determined that plaintiff's allegations of excessive force are not so complicated as to require an expert witness).

Additionally, as Defendant correctly notes, Rule 706 does not contemplate court appointment of an expert witness to advocate for Plaintiff at trial.  The purpose of appointing a neutral expert witness is to assist the trier of fact, not to serve as an advocate for a particular party. *Gorrell v. Sneath*, 2013 WL 3357646, \* 1 (E.D. Cal. Jul.3, 2013); *see also Brooks v. Tate*, No. 1:11-cv-01503 AWI, 2013 WL 4049043, at \*2 (E.D. Cal. Aug.7, 2013) (holding that avoiding bias

1  or otherwise assisting one party is not the purpose of Rule 706).  Thus, the Magistrate Judge's order

2  denying Plaintiff appointment of expert witnesses was not clearly erroneous or contrary to law.

3  **IV.     Conclusion**

4       Accordingly,

5          1.  Plaintiff's motion for reconsideration, (ECF No. 125), is DENIED.

6

7

8  IT IS SO ORDERED.

9     Dated:    September 18, 2023                                          _____

10                    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28